**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Miguel Angel Valladares-Ramirez,
Petitioner,

v.

Todd Blanche, et al.,
Respondents.

No. CV-26-06349-PHX-DWL

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1). Petitioner has been detained since July 2025. (*Id.*) In September 2025, following a bond hearing, an immigration judge ("IJ") ordered Petitioner released on payment of a $5,000 bond. (*Id.*) However, DHS sought reconsideration of that order (which automatically stayed the bond), and the IJ then granted reconsideration and held a second "hearing" in which he denied bond for lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Subsequently, the Ninth Circuit has held that immigration detainees like Petitioner are entitled to bond hearings, *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). This action followed, and Petitioner seeks an order (1) requiring "Respondents to honor and implement the Immigration Judge's September 2, 2025 release order by releasing Petitioner upon posting the previously fixed $5,000 bond"; or (2) "[a]lternatively, only if the Court declines to restore the September 2, 2025 release order, requir[ing] Respondents to provide a corrective custody hearing under INA § 236(a) within seven calendar days of the Court's order, before a neutral Immigration

Judge, at which Respondents bear the burden of establishing by clear and convincing evidence that Petitioner's continued detention is necessary because he presents a danger to the community or a risk of nonappearance." (Doc. 1 at 47.) In response, Respondents state that they "do not oppose Petitioner's request for a new bond hearing" but "oppose shifting the burden to the government." (Doc. 6.)

Respondents' concession is unhelpful because Petitioner's main request for relief is not a new bond hearing—instead, it is reinstatement of the IJ's earlier order, issuing following a bond hearing, that Petitioner should be released on a $5,000 bond. In light of *Vazquez* and the response (or lack thereof), the Court concludes that reinstatement of the IJ's original $5,000 bond is appropriate, and will thus grant the Petition to the extent Petitioner seeks said reinstatement.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Within **three days** of the date of this Order, Respondents must release Petitioner on payment of the $5,000 bond ordered by the immigration judge on or about September 2, 2025.

(3) Respondents must provide a notice of compliance within **ten (10) days** of the date of this Order.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 16th day of September, 2026.

Dominic W. Lanza
United States District Judge